UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
ALEX DEJESUS,

                      Plaintiffs,                     **COMPLAINT**

      -against-                                CV #.: CV-15-1639 (ENV)

THE CITY OF NEW YORK,
                      Defendants.
-----------------------------------------------------------------------

    1.    Plaintiffs, bring this action to redress violations by defendants of plaintiffs' rights under the Constitution and Laws of the United States and the State of New York.

    2.    This is an action pursuant to 42 U.S.C. § 1983 to redress the deprivation of the color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to the plaintiffs by the First, Fourth, and Fourteenth Amendment to the Constitution of the United States; namely, the right to:

        a)    Freedom of speech;

        b)    Freedom from unreasonable restrictions to practice one's trade;

        c)    Freedom from unreasonable limitations to practice one's trade; and for redress

of the violation of the laws and the common law of the United States of America and the Constitution, the common law, and the laws of the State of New York.

    3.    Jurisdiction is conferred on this Court by 28 U.S.C. §1343 (3) which confers original jurisdiction of the Federal District Courts in suits to redress the deprivation of rights, privileges and immunities as stated in paragraph 2 hereof.

    4.    Plaintiffs invoke the pendant jurisdiction of this Court in connection with the

stated claims as set forth herein, and the jurisdiction of this Court is invoked under 28 U.S.C. §1331, the amount of damages claimed being in excess of $1,500,000.00 for each plaintiff.

5. That at all times relevant to this Complaint, defendants separately and in concert, acted under color and pretense of law, to wit: Under color of the statutes, ordinances, regulations, customs and usages of the State of New York and City of New York.

6. That at all times relevant to this Complaint, defendants engaged in the illegal conduct herein mentioned to the injury of the plaintiffs, and deprived plaintiffs of their rights, privileges and immunities secured to them by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

7. Plaintiff, ALEX DEJESUS, is a citizen of the State of New York and has been a resident thereof at all times relevant to this Complaint. The defendants, are either a municipal corporation or a subdivision thereof within the State of New York,..

8. Upon information and belief, at all times relevant to this Complaint, That was caused by the various agencies and employees while they were acting in their official capacity and their acts were performed under color of the statutes, ordinances, rules and regulations of the State of New York and its municipal subdivisions.

9. At all times relevant to this Complaint, defendants were acting within the scope of their employment and in their official capacity and did perform illegal acts hereinafter alleged under color of law.

10. The plaintiff, while acting as a registered agent, is permitted to appear on behalf of persons who have open violations in these administrative tribunals.

11. That the defendants at various times have interfered with the plaintiff in his ability to work and/or appear at each tribunal.

12. That the defendant's on numerous occasions have alleged that the plaintiff was "soliciting" persons while at the tribunal. That said claims are in violation of the plaintiff's First Amendment Rights.

13. Mr. DeJesus was told to leave the Environmental Control Board, Bronx on Monday, April 6, 2015 at approximately 11:01 AM. Mr. DeJesus was approached by Security Officer Ortiz. At which point, a Deputy Sheriff instructed Mr. DeJesus that he was not permitted to be the building and that Mr. DeJesus was being suspended. When Mr. DeJesus asked why he was being suspended, he was told to do a FOIL (Freedom of Information Law) to find out why he was being suspended. Because of this alleged suspension, Mr. DeJesus cannot go to any of the other tribunals and has been kicked out when he attempted to appear.

Pursuant to the below rules (RCNY 3-16.2 Prohibited Acts), Mr. DeJesus is afforded an absolute right for due process in this matter if he disagrees.

**§ Section 3-16.2: Prohibited Conduct.**

**Codified Rules: Closed to Comments**

- ›Chapter 3: Enforcement Procedures Before the Environmental Control Board›Subchapter A: General Rules

(a) Prohibited conduct: A party, witness, representative or attorney must not:
(1) engage in abusive, disorderly or delaying behavior, a breach of the peace or any other disturbance which directly or indirectly tends to disrupt, obstruct or interrupt the proceedings at the tribunal;
(2) engage in any disruptive verbal conduct or action or gesture which a reasonable person would believe shows contempt or disrespect for the proceedings or which a reasonable person would believe to be intimidating;
(3) willfully disregard the authority of a hearing officer or other tribunal employee. This may include refusing to comply with the hearing officer's directions or behaving in a disorderly, delaying or obstructionist manner as stated in section 3-52 (d);
(4) leave a hearing in progress without the permission of the hearing officer;
(5) attempt to influence or offer or agree to attempt to influence any hearing officer or employee of the tribunal by the use of threats, accusations, duress or coercion, a promise of advantage, or the bestowing or offer of any gift, favor or thing of value;
(6) enter any area other than a public waiting area unless accompanied or authorized by a tribunal employee. Upon conclusion of a hearing, a party, witness, representative or attorney must promptly exit non-public areas;
(7) request any tribunal clerical staff to perform tasks that are illegal, unreasonable or outside the scope of the employee's job duties;
(8) operate any tribunal computer terminal or other equipment at any time unless the equipment has been designated for use by the public;

(9) submit a document, or present testimony or other evidence in a proceeding before a hearing officer which he or she knows, or reasonably should have known, to be false, fraudulent or misleading;

(10) induce or encourage anyone in a proceeding before a hearing officer to make a false statement;

(11) solicit clients, or cause the solicitation of clients by another person on tribunal premises;

(12) make or cause to be made a stenographic, electronic, audio, audio-visual or other verbatim or photographic reproduction of any hearing or other proceeding, whether such hearing or other proceeding is conducted in person, by telephone, or other remote methods, except upon application to the hearing officer. This does not include copies of documents submitted to the tribunal during a hearing including written or electronic statements and exhibits. Except as otherwise provided by law, such application must be addressed to the discretion of the hearing officer, who may deny the application or grant it in full, in part, or upon such conditions as the hearing officer deems necessary to preserve the decorum of the proceedings and to protect the interests of the parties, witnesses and any other concerned persons.

(b) Prohibited Communication: All parties must be present when communications with tribunal personnel, including a hearing officer, occur, except as necessary for case processing and unless otherwise permitted by these rules, on consent or in an emergency. All persons are prohibited from initiating communication with a hearing officer or other employee before or after a hearing or before or after a decision on motion, in order to attempt to influence the outcome of a hearing or a decision on motion.

(c) Penalties for misconduct: Failure to abide by these rules constitutes misconduct. The executive director or his or her designee may, for good cause, suspend or bar from appearing before the tribunal an attorney or representative who fails to abide by these rules. The suspension may be either for a specified period of time or indefinitely until the attorney or representative demonstrates to the satisfaction of the executive director that the basis for the suspension no longer exists. However, the executive director may not act until after the attorney or representative is given notice and a reasonable opportunity to appear before the executive director or his or her designee to rebut the claims against him or her. The executive director or his or her designee, depending upon the nature of the conduct, will determine whether said appearance will be in person or by a remote method. This section in no way limits the power of a hearing officer to discipline any
person as set out in §3-52(d) of these rules.

(d) Discipline on other grounds: The executive director may, in addition to the provisions of subdivision (c) of this section, suspend or bar a representative upon a determination that the representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before the tribunal. Any action pursuant to this subdivision will be on notice to the representative and the representative will be given an opportunity to be heard in a proceeding prescribed by the executive director. Factors to be considered in determining whether a representative lacks honesty and integrity may include, but need not be limited to, considering whether the representative has made intentionally false, misleading or inappropriate statements to parties or tribunal staff.

(e) The decision of the executive director under subdivision (c) or (d) of this section constitutes a final agency action.

14. Mr. Dejesus was never given an opportunity to rebut any allegations.

15. Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, knowingly and purposely with the specific intent to deprive plaintiff of their rights.

16. At no time was a letter of suspension set to the plaintiff, or counsel even though the defendant was notified as to where to send said notice of suspension, as such plaintiff was unable to file a formal rebuttal to the alleged charges.

17. These rights are secured to the plaintiffs by provisions of the due process cause of the Fourteenth Amendments to the Constitution of the United States by 42 U.S.C §1983 and the statues and laws of the State of New York.

18. As a result of the foregoing acts committed against plaintiffs by defendants, plaintiffs have sustained damage to their character and reputation, degradation, humiliation, embarrassment. As a result of said acts, plaintiffs has feared and continues to fear repetition of said acts of defendants and as a result have continued to suffer anxiety and emotional distress.

19. As a result of the aforementioned course of events in violation of their constitutional rights, plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

**WHEREFORE**, plaintiffs demand judgment against the defendants as follows:

a) Judgment on the First Cause of Action in the sum of FIVE HUNDRED THOUSAND DOLLARS for total compensatory damages in the sum of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS;

b) Judgment on the First Cause of Action in the sum of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS punitive damages for plaintiff

for a total of THREE MILLION ($3,000,000.00) DOLLARS as against all defendants;

c) Costs and disbursements of this action; and

d) Such other and further and different relief as this Court may deem just and proper.

Dated: Mineola, New York
August 11, 2015

Yours etc.,
LAW OFFICES OF PETER A. SAAD, JR., PC

BY: _____
PETER A. SAAD, JR.
Attorneys for Plaintiff
114 Old Country Road
Mineola, NY 11501
(516) 620-0814